# CASES

# SUPREME JUDICIAL COURT

# STATE OF MAINE.

LEONARD F. E. JARVIS *versus* JOSEPH A. DEANE.

In the trial of a real action, brought after foreclosure, by a mortgagee of lands against the mortgagor, to recover possession of the mortgaged premises, the defendant is estopped to set up a lease from the assignee of a senior mortgage of the premises, given by the defendant.

ON REPORT.

WRIT OF ENTRY to recover possession of certain land in Ellsworth.

Plaintiff claimed by mortgage deed, dated Nov. 7, 1849, from the defendant to the plaintiff, and foreclosure of the same, dated July 28, 1859.

The defendant claimed to occupy the premises by permission of Amory Otis, who had authority as agent of one Charles Albro, of Taunton, Mass., who was the owner of a mortgage given by the defendant to one Cyrus Lothrop, dated March 4, 1844, which mortgage covers a portion of the property mortgaged by the defendant to the plaintiff. That Lothrop died more than twenty years since, and that Albro is his devisee and legatee. The defendant offered a lease from Charles Albro, by his attorney, Amory Otis, to the defendant, dated July 4, 1865, and a power of attorney from Albro to Otis, to which the plaintiff objected.

The case was reported to the full Court, with an agreement that, if the defendant can set up the alleged defence,

the case was to stand for trial; otherwise the plaintiff to have such judgment as the law entitled him to.

*E. & F. Hale*, for the plaintiff.

*Wiswell*, for the defendant.

DANFORTH, J. — The plaintiff's title to the premises claimed in his writ is founded upon a mortgage from the defendant to himself, dated Nov. 7, 1849, containing the usual covenants of warranty, with a foreclosure of that mortgage, which seems to have been in strict conformity to the statute and duly recorded.

This entitles the plaintiff to recover unless the defendant can show a better title in himself. This he undertakes to do by producing a lease from Charles Albro, executed by an attorney, and dated July 4, 1865, and a mortgage from himself to Cyrus Lothrop, dated March 4, 1844, of which Albro claims to be the owner. The tenant does not disclaim any title to the premises and rely upon that of another, but claims title in himself by virtue of his lease. This, bearing date subsequent to the plaintiff's mortgage, is not of itself sufficient, nor can it derive any vitality from the mortgage to Lothrop, for the tenant having, in his deed to the plaintiff, not only covenanted that no such incumbrance upon the land existed, but that he would " warrant and defend the same to the said Jarvis * * against the lawful claims and demands of all persons," is now, by a familiar principle of law, estopped by his covenants from setting up that deed. Hence, his title fails and there must be an unconditional

*Judgment for the plaintiff.*

APPLETON, C. J., CUTTING, KENT, WALTON, DICKERSON and BARROWS, JJ., concurred.